The first case, the only case for argument this morning is 13-7105 Arisick v. Shinseki. Before we begin, let me, I don't usually speak for the entire court, but I think I can speak for the entire court today in offering my congratulations to our new Chief Judge, and it's a particular honor for us to sit with her in her first sitting as Chief Judge. We look forward to many more years with her presiding. Thank you, it's an honor to be in this place. And if I may, I'm sure on behalf of Mr. Goodman and myself, it's a privilege to be at your first appearances. Thank you very much. May it please the Court, Bonnie Rusick appears on behalf of, is represented by Kenneth Carpenter in this matter. Mrs. Rusick appeals a decision of the Veterans Court which we believe misinterpreted the provisions of both 38 U.S.C. section 5121A and 5109 capital A small b. Nothing in the plain language of either of these two statutory provisions precludes Mrs. Rusick from fully benefiting from the Board's finding of clear and unmistakable error in the 1983 decision. Could I back you up for a moment, Mr. Carpenter, because we have three statutes here which use this entitled to receive language, 1318, 1311, and 5121 for instance A. And they have received different interpretations as a result of our NOVA decisions the Veterans 18 as permitting the filing of a new claim by the widow. But 5121 parens A in Jones and I guess perhaps other cases as well has said no, no, you can't file a new claim, it has to be a pending claim. Are you contending that there's an inconsistency between the interpretation of those three statutes? I am, Your Honor, although in this particular case, this case arises out of the Secretary's interpretation of the entitled to receive language in 1318 which created 3.22. Well, I understand the background. Just speaking for myself, I'm not particularly convinced that that accident, that there was a decision earlier under 1318 affects the result here. What I'm putting, I didn't even put that to one side. Is there an inconsistency in the interpretation given to 1311 and 1318 as opposed to 5121 parens A? I mean, the language is similar but not identical. I believe that there has been, Your Honor, and that this case demonstrates why the interpretation of entitled to receive should not preclude the qualifying survivor from proceeding based upon a request for revision. A request for revision has been described as a procedural device. It is not a separate claim. It is a means to correct a prior mistake and that's precisely what happened in this case, albeit going down a slightly different track. And the end result was that the 1983 decision was revised. The question then remains is why would there be any reason to justify a bar to the widow receiving the full. Yeah, but you're arguing based on the quirk of fate that there was a 1318 decision first. What I'm trying to get you to address is whether there's an inconsistency in the interpretation of identical statutory or nearly identical statutory language in these provisions. I believe there is and apparently I wasn't communicating clearly. I believe that the interpretation needs to be consistent and this case demonstrates why that consistency is important because Mrs. Rusick should have been able to simply bring a direct claim under 5121 using the procedural device of a request for revision under 5109 capital A because it relies upon the predicates that are set out in 5121A, an existing decision and the evidence in the file at the time of death. I guess maybe I'm being too simplistic on that. It seems the problem you have is that 5109AC explicitly limits filing of claims under that provision to the claimant or the secretary. And I believe, Your Honor, that what Congress envisioned in creating 5121 was that the claimant, although a different person in fact, simply steps into the shoes of the veteran. But we've got a number of cases that explicitly say the opposite. I don't believe that... They do say that the survivor is not an eligible person. Well, but... 5109A, no? I believe that those cases were decided under different circumstances in which, for instance, in Haynes, which was relied upon by the court below, the court was looking at whether or not the surviving spouse could continue a request for revision. And this court said that they couldn't because the remedy was under 5121. And that remedy under 5121 was simply to start anew. There is no prohibition based upon Haynes or 5121 that would have prevented Mrs. Haynes from coming back before the agency and filing a new request for revision in the circumstances in Haynes. The other cases that we have dealt with dealt with before Congress had made clear its intent relative to 5121 by amending it to permit substitution. You mean in 5121A? Capital A. Well, now, let me ask you about 5121 Capital A. And that applies to, and only to, as I understand it, cases in which the claimant dies while a claim for any benefit is pending. That's correct. So if the statute 5121 had applied in a way that allowed someone to come in without regard to whether there was a pending claim or not, why would 5121 Capital A have been necessary? Because it seems to me that 5121 Capital A has a narrower scope of an exception to the general you can't be substituted rule that would exclude Mrs. Rusick. Because the agency interpretation of 5121 Small A up until the time that Congress intervened was to require a do-over, was to require a start anew. And therefore, when there was a pending claim, the procedure required that the proceedings end with the death of the veteran and that they commence anew. And Congress said, no, we don't want that to be the procedure. That clearly, when there is a pending claim, that the process should not be automatically stopped, but a qualifying survivor under 5121A should be permitted to substitute. So is your contention that 5121 Small A is broader than 5121 Capital A? Yes, you are. Because 5121 Capital A deals with the exclusive circumstance of when a case is pending, when there is a matter pending. And it permits substitution for that pending proceeding so that the qualifying survivor can step into the shoes without being forced to go back to the beginning and to start anew. 5121 contemplates that there will be a new beginning for qualifying survivors if one of the three requirements are met. There's an existing rating. There's an existing procedure. Isn't it a little odd, as I think Judge Bryson is suggesting, that they would have enacted 5121A and limited it to pending claims and allowing the filing of a new claim under 5121 Parense? No, Your Honor, because I believe that 5121 Capital A was in response to this court's decision in Haines that wouldn't permit that, that required the qualifying survivor to start from the very beginning. And 5121 Capital A negates that process. But when you say it required the person to start from the beginning, there's nothing in Haines that I'm aware of that says that it's permissible to start from the beginning as the survivor with a Q claim that had not previously been raised, right? No, but in Haines it was a pending Q claim. Well, respectfully, Your Honor, I'm not making that kind of comparison. It's not a comparative advantage situation. But that gets us back to the question of what did Congress think it was doing. Was it all it was doing, in your view, is saying we already have a situation where someone can raise a new Q claim, but if it so happens that there's a pending Q claim, 5109 Capital A will allow them to continue that pending Q claim, but they could start over and there'd be no statutory bar to that? Yes, Your Honor. Okay. You're not required to substitute. You can, in fact, go back to the beginning and start anew if you choose to do that. You know, there is now a duality of options. Part of the problem here, unfortunately, is that the agency has not been forthcoming with its regulations interpreting 5121 Capital A. There is no regulation. No, there are no regulations. Is there a regulation for 5121 Forenzay? Well, yes, there is, but not for Capital A. What does the one for 5121 Forenzay say? 3.1000. Yes, I believe it's at 3.1000, and it covers a variety of things that echoes the language of the statute. Does it require a pending claim? In one section it does, yes, but in another section it talks about an existing decision or the evidence in the file at time of death. So I do not believe that the current interpretation in 3.1000 is exclusive or excludes the availability of the use of a procedural device of request for revision. Into your rebuttal time? I see that I am. Your Honor, I'll reserve the balance. Thank you. Mr. Goodman. Good morning, Your Honor. May it please the Court. I'd like to start with where Judge Dyke started, and that's the difference between 1318, 1311, and 5121, because they're not the same, not the same statutory language. Under 5121, it says entitled at death under existing ratings or decisions. And that's an important distinction, because the other two statutes just say entitled to receive. And this Court held that Congress intended, and Congress clearly intended, when they added that entitled to receive language, they were trying to include the ability to bring a cue claim. That's not the case of the accrued benefits statute, which preexisted that, was already in place. If Congress wanted to change it for accrued benefits, they could have done so, of course, but they didn't. I understand what you're saying, and that makes sense as to the first part of the language in 5121, but the second part says, or evidence existing in the file at the time of the veteran's death, something like that. And due and unpaid. And Ms. Rusick is explicitly not making that, the argument as to the second portion of 5121, because there's nothing due and unpaid, and that goes back to Judge Bryson's point, because there was no claim here. The veteran never filed a cue claim. So there has to have been a claim filed by a veteran for that second portion to apply. So then Ms. Rusick's entire argument is the first portion, saying he was entitled to death under existing ratings or decisions. But there's been no existing rating or decision, and her argument is, well, we can look back to the 1983 decision as changed, and that's an existing rating or decision. But the fairness to Ms. Rusick, I think it's fair to say some of that language comes from the Federal Register comments made by the Department, which explicitly says, CUE, then this quote, the statutory requirements of the veteran would have been entitled to benefits at the time of death would be satisfied. And that's interpreting the language entitled to receive in 1318 and 1311, and the VA was trying to consistently read those based on this court's command, and they do so in NOVA. That's totally separate from the language in 5121, which says entitled at death under existing ratings or decisions. But you're not reading the whole thing. It says entitled at death under existing ratings or decisions or those based on evidence in the file at the date of death. And it goes on, in the file at date of death, and due and unpaid after the press. Well, due and unpaid has not been interpreted as requiring a final decision. Not a final decision, Your Honor. It has to have a claim by the claimant. So the veteran had to have filed a claim for that second provision. Well, I guess what I would ask you, isn't the language at least ambiguous as to what it means? As to everything following the OR in 5121A, it sounds like, is what Your Honor is focusing on. There's that second provision, the second portion of the statute. I just have a couple of responses. First, that wasn't briefed because Ms. Rusick didn't make that argument as to that portion. She explicitly said in the court below that that's not her argument. If this court thought further briefing on that is necessary, we'd be happy to provide it. Our response to the argument is that that says due and unpaid. And this court said in Jones, when interpreting this provision, that that requires that the veteran have actually submitted a claim. And here, there's been no claim by the veteran. We agree with something Ms. Rusick's representative said, actually repeatedly said, that what 5121 is all about is to allow the survivor to step into the shoes of the veteran. Here, there was no claim. The veteran had never filed a claim, so stepping into the veteran's shoes doesn't get her anywhere. Entirely separate from that. So that's all approved benefits are all about, stepping into the shoes of the veteran. Separate from that, Congress has set up this DIC benefit. That's the survivor's own claim. And because it's the survivor's own claim, the survivor can use Q to attack the underlying basis for that claim. Because Q is all about correcting an error in your own claim. But here, she's trying to extend that to use Q to correct an error in the veteran's claim that will then ultimately benefit her. And that's just too far removed. That was not – there's nothing indicating that's what Congress intended. What Congress – if we read it consistently, the Q statute works so any claimant can correct underlying errors that affect their own personal claim. And you said the DIC is her own personal claim. Because these are the DIC, she is the claimant, notwithstanding that her claim depends on demonstrating that there was Q in his original claim. That's exactly right. But you understand the tension here, right? I mean that there's – once she's been – there's been a finding of a CUE in her context, the legal fiction that's created generically for CUEs is that it becomes what it should have been. Sure. And there is that tension there, but that's the tension that is inherent in a system that where Congress said, for your own claim, we're going to give you this extra benefit of attacking this final decision collaterally. If the veteran wanted to attack a final decision in his claim collaterally, he could have done so. And if he had filed a CUE claim prior to his death, she could have substituted on that under 5121, big A. Well, actually not, right? Because he died before 2008. That's correct. If we were – But if he died in 2009, then she would be able to substitute once he filed his claim, but you say not if he hadn't filed it. Correct. Because it's – and that's a fundamental point here. It's his claim. So what about what – Her claim is his. Excuse me. So under your view, is there any difference between 5121 Parense and capital A? Aren't they addressed to exactly the same category of cases? No. Because in each case, we're talking about pending claims for accrued benefits. In both cases, we're talking about pending claims for accrued benefits. What big A did was allow substitution. So in Haines explicitly or specifically, what that case was addressing was where a veteran filed a CUE claim and then a survivor wants to substitute on that claim. Before 5121 big A, this court held in Haines and correctly that there would be no possibility of substitution because a CUE claim can't be brought by a survivor. I understand that one involves substitution and one doesn't, but as a practical matter, is there any difference between the two of them? Well, that's all 5121 big A is about is substitution. 5121 – Yeah, but why would – let me put it this way. Why would Congress enact a statute saying as to a pending claim for accrued benefits, the widow can be substituted for the veteran and have another provision that says in pending claims for accrued benefits, the wife can file her own claim? What difference does it make? Well, 5121 A isn't just about – I'm sorry. Isn't that addressing exactly the same problem? There is currently – there are two methods somebody can get accrued benefits. It's true they can file their own accrued benefit claims or they can seek to be substituted. The substitution came in after because Congress was addressing the problem this court addressed in Padgett and various other cases about the – not allowing substitution in certain contexts and how that slows down the process. So 5121 A is a procedural addition that you can substitute in addition to filing your own claim. And in some ways, it is broader because it's not just about accrued benefit claims. It says substitution in the case of any claim for any benefit. So potentially, there are categories that that could reach that 5121 A is not about. It's not just accrued benefits. But in other ways, it's narrow because it's only about substitution. It has nothing – it's not about accrued benefits at large. 5121 is just about accrued benefits, and it's the only accrued benefits statute that we look to. From your view, would the department have the authority and the regulations to expand this to cover a situation like this? Would that be within their authority? To say we've done this on DIC, so whether it's regulations under 5121 or whatever, to say that there's an exception and that exception is created by those eligible for CUE under 13. Looking at the language under existing ratings or decisions, that looks difficult. I don't know that the secretary could interpret that language in such a way as to say that that would include a CUE claim going back. I don't want to tie their hands, though. Perhaps they could. I know. I know. I'm talking about it both sides of my mouth here. The part of the language that you like, but not the part you don't like. Well, I think the answer is no. But maybe – I've not fully thought through that for today. So it's possible that VA – they often award benefits that are above and beyond what Congress seems to have intended, and nobody complains, so it never comes to this court. Well, you did it in DIC, and now it's resulted in – In DIC, they extended it, but it was clear when Congress added the language there, entitled to receive. When Congress did so, they explicitly said in legislative history, it was clear, we're doing this so that CUE is applicable to DIC benefits. Logically, that makes sense for the reasons we explained earlier. They didn't do that for accrued benefits, and there's nothing in legislative history of 5121 that suggests that it includes CUE. And I'd note that Jones and Haynes are after this language in 5121 was already in place. So it's already very clear that Ms. Rusick, if she hadn't had a DIC claim, if she just came forward and said, I want accrued benefits, the answer is no because there's no claim pending. And that's well-established under Jones, and she can't use CUE as a basis because that's well-established under Haynes. So what she's trying to do is use this separate DIC pathway that's entirely different, and it's never been intended. It's entirely different except the analysis of CUE, the investigation of CUE, and everything about CUE is there's one CUE, and that CUE is the same as the CUE we're talking about 5121 and 1318. It's the same CUE. Right. Yes and no. It's the same analysis to whether there's been a clear and unmistakable error, yes. But what 5121, I'm sorry, 1318 does is not say you can bring a CUE claim. What it says is you can bring a DIC claim, and if CUE is necessary to achieve that end for you to demonstrate that there's CUE or that you're entitled to DIC, then you can do that. But it's just a DIC claim. It's not a CUE claim. But the problem of a CUE analysis is that the veteran was entitled, therefore, as of, in this instance, 1983, he was eligible and entitled to receive the benefits. So that's been dispositively filed. The veteran was entitled. If he had filed a claim before his death, then she would likely be able to substitute that claim and get benefits under the current scheme. But because of the dates we're dealing with, the answer to that would still be no because that statute didn't exist yet. But – so I'm tying this up in knots, but the take-home message really is that 1318, where they say that you can use CUE, that's a procedure to get DIC benefits. It's not a CUE claim in its own right. CUE claims in their own rights are 5109A, can only be brought by the claimant. That's consistent here. In a DIC claim, she's the claimant. In a accrued benefits claim, she's not. She's substituting in. She's stepping into the shoes, in Ms. Ruzick's language, of the veteran. Without anything preexisting for her to step in the shoes of, there's no accrued benefits claim. If there are no further questions, thank you very much. May I please, Your Court? It seems that the government is committed to the creation of both obstacles and impediments to undoing their own CUE fine. They made the CUE fine. The board found that the 1983 decision contained CUE. That corrected decision is a decision that once corrected, if you will, rings the bell under 5121a. Because 5121a, as the government has conceded, is about stepping into the shoes of the veteran. It's not the survivor's claim. It is the veteran's claim. And the veteran's claim was that there was CUE. Let me ask you this question. There are some persons, I guess, who would be entitled to pursue the accrued benefits claim, a pending accrued benefits claim of a veteran who would not independently be entitled to DIC, correct? That's correct. Right. So are you saying that someone who was not a DIC beneficiary or potential DIC beneficiary could file a new claim where the veteran had not previously filed a CUE claim, file a new CUE claim, and then if CUE were found in the course of that proceeding, could then get all the accrued benefits that would have been available to the veteran? With the exception. Which would seem to be a broader position than you're arguing for here, but logically consistent with and even compelled by the position you're arguing for. And I agree with that with the one caveat that we cannot and should not be using the word claim. A request for revision is a procedural device. There is nothing in the statutory scheme that precludes the use of this procedural device to just claim it. But somebody who is not a DIC claimant could come in and say, okay, there was a decision in the deceased veteran's case back in 1953, which I think was CUE. I want to pursue the CUE claim and I want all the accrued benefits since then. And you say that would be permissible. Yes, Your Honor, because the result is that if CUE is established, as this case demonstrates, then there is an entitlement at death because there is an existing decision based upon the evidence that was of record at time of death. Unless there's further questions from the panel. Thank you very much, Your Honor. Thank you. Congratulations, Your Honor. Thank you. That concludes our statements for this morning.